**Silvia RAMOS–PLIEGO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74661.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Mary Jane Candaux, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM \*\*

Silvia Ramos–Pliego, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") order denying her application for cancellation of removal. We review for abuse of discretion the denial of a request for a continuance. *See Baires v. INS,* 856 F.2d 89, 91 (9th Cir.1988). We deny the petition for review.

The agency did not abuse its discretion when it denied Ramos–Pliego's request for a continuance because the record shows that not only did Ramos–Pliego have over twelve months after the initial hearing to procure a psychological evaluation to supplement her claim of hardship, she was also granted a thirty-day extension after the merits hearing to obtain that evidence. *See Baires,* 856 F.2d at 91 (the denial of a continuance is a question which "must be resolved on a case by case basis according to the facts and circumstances of each case"). Ramos–Pliego's subsequent *failure* to submit a psychological evaluation or to make a showing that she had attempted to get one during this thirty-day period, as well as her inability to provide any evidence that her children suffered from any physical or mental health problems, undercuts her claim that her due process rights were violated. *See Perez–Lastor v. INS,* 208 F.3d 773, 777 (9th Cir.2000) (requiring that an alien show prejudice to establish a due process claim).

The voluntary departure period was stayed, and that stay will expire upon issu-

ance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

